Arkansas State Life Insurance Company *v.* Perry.

Opinion delivered January 18, 1932.

Appellant *pro se.*

*W. P. Strait,* for appellee.

Mehaffy, J. The appellant, Arkansas State Life Insurance Company, issued its policy to Mary Perry, who was the wife of the appellee, Robert Perry. Robert Perry was the beneficiary. The amount to be paid upon the death of the insured was $250. All premiums were payable on or before the first day of each month, and in default of such payment, after five days of grace allowed, the policy became ineffective.

The policy further provided that if the company accepted past-due premiums, such acceptance would reinstate the contract, but only to cover accidental injuries thereafter received, and such sickness as may begin more than twenty days after the date of such acceptance.

The premium due August 1 was not paid until August 22. On September 13, 1929, sick claim was made by Mary Perry, the attending physician certifying that her illness had been contracted five days prior to his examination at the time he made the certificate. The physician's report stated the nature of her illness to be chills, fever, prostration.

On October 19, the physician made another report on the illness of Mary Perry and stated that she had pellagra, and in his opinion that had been contracted thirty

days prior to his examination. The same physician also made a report of disability on November 12, in which he stated the illness that he then reported had been contracted three or four days before his examination. She was then suffering with malaria and pellagra.

On December 23, the same physician made another report of illness and disability in which he stated that her illness was influenza and bronchitis, and she had been suffering with this for six or eight days. The same physician again, on January 12, reported to the company that Mary Perry had influenza and bronchitis and had had for fourteen or fifteen days.

On January 24, the physician reported that she had acute tuberculosis, following influenza, and that she had contracted this illness fourteen or fifteen days prior to the examination.

On February 20, 1930, the same physician made a certificate in proof of the death of Mary Perry in which he stated that death was caused by acute pulmonary tuberculosis, contributing influenza; that she had been affected by this disease two months. She died on February 17, 1930.

Proof of death was made and shortly thereafter a representative of appellant called on the appellee, Robert Perry, at his home near Morrilton, for the purpose of settling the claim.

Mr. E. J. Johnson, one of the officers of the appellant, was the adjuster who called on appellee. The attorney for the appellant was with Johnson, but was not with him for the purpose of seeing Perry, or taking any part in the discussion or adjustment of the claim, and he did not take any part.

Johnson told appellee that the company was not due him anything; that the premiums were due on or before the first of the month, and he explained to Perry that the August premium was not paid until the 22d, and that he could not allow him anything for the death claim. They discussed the funeral expenses and the premiums

which had been paid, which amounted to $19.80 and then he told Perry that he would pay him $50.

The appellee is an ignorant negro, 38 years old, and testified that he knew nothing about insurance; he thought that Mr. Johnson knew about it, and that Mr. Johnson told him the policy was dead, and that they did not owe him anything, and told him the reason that they did not owe him anything was that the policy was lapsed. The appellee did not have an opportunity to discuss the matter with any one else, and, believing what the agent of the insurance company told him, he agreed to a settlement and accepted check for the $50.

At the time the settlement was made, Perry signed a receipt in full on the policy and surrendered the policy and took the check, but Perry and Johnson both testified that Johnson, the agent, told Perry that, if he was not satisfied with the settlement, to give him, Johnson, back the check, and he would give Perry the policy. This was on March 12, 1930.

Two or three days after the settlement was made, Perry went to the office of Mr. Strait, stated the facts to him, and Mr. Strait immediately wrote to the company and shortly thereafter received a letter from the attorney for the company, who claimed that the policy had lapsed, and that they did not owe the appellee anything, giving as a reason, that Mary Perry died on February 17, 1930, from tuberculosis which had its inception prior to September 22, 1929.

There is no claim that the policy was void for any reason except the failure to pay the August premium on time, and it is contended that the ailment which caused Mary Perry's death had its inception within 20 days after August 22, the time the August premium was paid.

All premiums had been paid prior to that time, and all the monthly premiums subsequent to August, 1929, including the premium due in February, 1930. It was paid on the first of February, and Mary Perry died on the 17th of February.

After the company refused to make any further settlement, the appellee, through his attorney, brought suit in the chancery court of Conway County, asking that the settlement be set aside as fraudulent, and that he have judgment against the appellant for $250, 12 per cent. damages, and attorney's fees.

Before bringing the suit, the attorney wrote the company that the check had not been cashed, and that he held it subject to the order of appellant. The check was never cashed.

The court held that the settlement and release were procured by fraud and misrepresentation, and were not binding; and set them aside, and gave judgment for $250, 12 per cent. damages and attorney's fees.

We think it unnecessary to determine whether the settlement and release were procured by fraud, for the reason that the undisputed proof shows that Perry was induced to believe, and did believe, that if the settlement was not satisfactory, he would not be bound by it. As soon as he could get to the attorney's office at Morrilton, he took the check to the attorney, stated the facts, and immediately thereafter the attorney wrote the insurance company advising it that the settlement was not satisfactory and offering to return the check.

The appellee never tried to cash the check, but, as soon as he could do so, procured advice as to his rights under the policy, and notified the insurance company that he would not accept the check and demanded payment of the amount he claimed to be due him under the policy.

We think under the facts, as testified to by both parties, the release and settlement were conditional, and that Perry was entitled to a reasonable time to consult with somebody who could advise him.

There is practically no conflict in the evidence. There is no evidence as to what caused Mary Perry's death except the statement of the physician, which was introduced by appellant. There is no evidence about how long she had suffered with the disease which caused her death except the statement of the physician, and his statement

shows that she died of tuberculosis, and that in his opinion she had been affected with the disease that caused death two months. She died on the 17th of February, 1930, and, if she had been affected with the disease which caused her death two months, she must have contracted it about December 17, 1929.

Mary Perry became ill the first time, so far as the record shows, September 13, 1929, but she recovered from this ailment, and thereafter, until the time of her death, the evidence of Perry shows that she was up and down.

The insurance company had all of the reports made by the physician in its possession. The evidence does not show that the appellee knew anything about the reports of the physician. Appellant, having these reports in its possession, knew that the disease that caused her death was not contracted within twenty days after the payment of the August premium. It does not claim that it had any information about her illness, when it was contracted, and what caused her death, except the information contained in the physician's reports.

Of course, if she contracted the first illness on the 13th of September, this would have been more than 20 days after the payment of the August premium, but while the physician visited her only once, and this was on the 13th of September, his report states that in his opinion she had contracted the illness about five days before his examination. But the reports received by the company clearly showed that the disease that caused her death was not the ailment for which she was treated the 13th of September, and the insurance company had received these reports as made by the physician, knew the facts therein, and continued to receive the monthly premiums up to and including February 1, 1930, which was 16 days before her death.

According to the undisputed proof, the policy was not lapsed, and appellee is entitled to recover. The decree of the chancery court is affirmed.